*499 Opinion of
the Court.
THIS writ of error is prosecuted by the plaintiffs, to reverse a judgment recovered against them by the defendant in an action of covenant brought by them in the court below. The declaration, after setting forth a written contract between the plaintiffs and the defendant, whereby the former leased to the latter a plantation, for one year, at one dollar per year, and the defendant thereby, acknowledged the receipt of the possession, and covenanted, under the penalty of $200, to give possession to no person, except some of the plaintiffs, avers, for breach of the covenant, that although the defendant enjoyed the possession of the plantation for the space of one year, and although lie was special *500 ly, on the — day of —, requested to deliver the possession, he has failed and refused to deliver the possession, and has not paid the $200, &c.
Where issue is joined on the plea of n o demand, evidence conducing to prove that if a demand had been made there would have been a refusal, is improper.
The defendant, by plea, traversed the demand of possession, as alleged in the declaration, and issue was thereto joined by the plaintiffs. On the trial, after the plaintiffs had proved that the defendant had resided on the plantation ever since the date of the lease, and that rent Was worth $46 per year, and after proving by a witness, that some short time after the expiration of the lease, he heard the defendant say that he had bought the place of another person, and would not give up the possession to the plaintiffs, the witness was cross-examined by the defendant, and observed, that some time ago, and since the plaintiff, Cox, had commenced an ejectment against the defendant, he heard Cox say that he and the defendant had, before then, agreed to let matters stand until a suit between the plaintiff and a certain Stith was decided.
To so much of the witness’ evidence, given on the cross-examination, as spoke of the parol agreement between the plaintiff, Cox, and the defendant, the plaintiffs objected; but the court, supposing that it was competent to repel any presumption of a demand which might otherwise be inferred from the evidence, overruled the objection, and permitted it to go to the jury.
We cannot say that the court erred in admitting the evidence. The fact in issue between the parties was, no doubt, susceptible of more convincing proof; but, in deciding on the admissibility of evidence, the question is not whether the evidence is conclusive, but whether it in any manner conduces to illustrate the fact in contest ; and the admitted evidence, we suppose, had that tendency.
A verdict was found by the jury for the defendant, and a motion made by the plaintiffs for a new trial, on the grounds, 1st, of the verdict being against law and evidence; and 2dly, of the court having erred in its instructions to the jury. The motion was, however, overruled, and the evidence spread upon the record by bill of exceptions.
We entertain no doubt of the correctness of the decision of the court in overruling the motion for a new trial. With respect to the second ground relied on for a new trial, it need only be remarked, that we are not *501 informed by the record, what instructions were given by the court to the jury. The only intimation given of the instructions, is contained in the grounds relied on for a new trial, and these grounds do not even suggest what the instructions were. And as to the verdict being against law and evidence, there is nothing in the record, from which the suggestion can be sustained.
By the issue, the proof of a demand of the possession was cast on the plaintiffs, and the evidence introduced by them was totally insufficient to show that a demand was ever made. It was proved that the defendant had said that he would not give the possession to the plaintiffs; but it does not appear that the observation was made to either of the plaintiffs, and if it had, it does not prove a demand by them. It was rather calculated to prove an excuse for their not demanding the possession; but the issue was taken on the fact of a demand, and not on any alleged excuse for not doing so.
From a suggestion in the record, it is probable that it was contended in the court below, that the verdict, in not finding rent for the plaintiffs, was against law and evidence; but it should be recollected, that the declaration contains no breach of the covenant, in nonpayment of rent, and it would consequently have been improper in the jury, on the issue joined, to have enquired as to that matter.—Judgment affirmed.